## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ART MCCRAY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 3:19-cv-49-DWD** |
| ) | |
| **TERRI KENNEDY,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the court is Petitioner Art McCray's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) Respondent Terri Kennedy has responded to the petition (Doc. 11), and it is ripe for decision. For the following reasons, the petition is due to be dismissed.

In 2009, a state court jury found McCray guilty of first-degree murder of a person over 60 years of age. *People v. McCray*, No. 5-09-615, 2011 WL 10500882, at *3 (Ill. App. Ct. Aug. 18, 2011). Following the trial, McCray filed a *pro se* posttrial motion alleging the following:

> (1) his right to a speedy trial had been violated, (2) he was on psychotropic medication during the trial and there should have been a fitness hearing, (3) he had not seen important documents provided in discovery that would have aided him in his defense, (4) while appearing as a witness, Deputy Guyton consulted with the prosecution during a recess, and (5) his trial counsel was ineffective. He alleged his attorney was ineffective for failing to seek a fitness hearing, failing to move to suppress his confession, encouraging him to waive his right to a speedy trial, advising him not to testify, failing to impeach Mr. Branch and Mr. Phillips with evidence of their inconsistent stories, and not allowing him input in the jury selection

decisions.

*Id.* at *4. His attorney also filed a posttrial motion arguing "that the guilty verdict was against the manifest weight of the evidence, that the trial court erred in admitting the testimony of Tom Gamboe, and that the trial court erred in denying the defendant's objections to the State's proposed jury instructions." *Id.* At a hearing on the motions, McCray added that he believed his trial counsel should have filed a motion to suppress his statements because he was under the influence of marijuana when he made the statements and because there were "threats on the video statements." *Id.* The trial court denied both posttrial motions. *Id.*

On appeal, McCray argued that "the trial court failed to conduct an adequate inquiry to determine whether his posttrial motion alleging ineffective assistance of counsel required the appointment of new counsel." *Id.* The appellate court rejected McCray's arguments and affirmed the trial court's judgment. *Id.* at *6. McCray sought leave to appeal to the Illinois Supreme Court but was denied. (Doc. 12-1 at 66)

McCray then filed a petition for post-conviction relief in state court. (Doc. 12-5 at 13) His amended petition stated the following grounds for relief: (1) he was denied a speedy trial; (2) his trial counsel failed to adequately address the fact that McCray was taking psychotropic medications at all relevant times; (3) trial counsel failed to suppress the statements, to object to alteration of the video of the statement, and to argue "coaching" by Agent Herron; (4) trial counsel failed to raise the issue of alibi witnesses; and (5) appellate counsel failed by not raising any of these issues. (Doc. 12-5 at 50–52) The state court denied McCray's petition, and he appealed. (Doc. 12-7 at 7) On appeal,

McCray argued that his post-conviction counsel failed to sufficiently support his claims with adequate evidence. (Doc. 12-7 at 8) The appellate court again affirmed the trial court's judgment. *People v. McCray*, No. 5-14-563, 2018 WL 3571003, at *4 (Ill. App. Ct. July 23, 2018). And the Illinois Supreme Court denied his second petition for leave to appeal. *People v. McCray*, 111 N.E.3d 379 (Table) (Ill. 2018).

In January 2019, McCray filed his habeas petition in this Court raising the following claims for relief: (1) his right to a speedy trial was violated; (2) he did not see important documents provided in discovery; and (3) ineffective assistance of counsel because his trial counsel (a) failed to request a fitness hearing for McCray even though he was on psychotropic medications during trial; (b) failed to object to Deputy Gutton consulting with the prosecution during a recess while appearing as a witness; (c) failed to move to suppress his statements; (d) encouraged him to waive his right to a speedy trial; (e) failed to impeach Mr. Branch and Mr. Phillips; and (f) did not permit him to give input on jury selection. (Doc. 1 at 8–9)

To succeed in his petition, McCray must have exhausted the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). This rule means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is

no longer available, the claim is procedurally defaulted." *Id.*

McCray failed to present his habeas claims to the Illinois Appellate Court.  On direct appeal, he only argued that the trial court failed to conduct an adequate inquiry into his posttrial ineffective assistance of counsel claim as required by *People v. Krankel*, 464 N.E.2d 1045 (Ill. 1984). *McCray*, 2011 WL 10500882, at *4. And the Illinois Appellate Court only considered the *Krankel* claim, not the underlying substantive claims of ineffective assistance of counsel. *Id.* at *5–6. McCray has not presented his *Krankel* claim to this Court and rightly so; the claim is a feature of Illinois law, not federal law, and therefore is not a basis for federal habeas relief. *See Clark v. Gaetz*, No. 10-3185, 2012 WL 3185889, at *6 (C.D. Ill. Aug. 2, 2012). In McCray's postconviction appeal, the Illinois Appellate Court considered and rejected his argument that his postconviction counsel failed to sufficiently support his claims with adequate evidence. He has not raised this argument in his petition to this Court. Therefore, McCray has failed to exhaust his state court remedies.

McCray's claims are procedurally defaulted for failure to exhaust, unless he can show either cause for the default and resulting prejudice or that ignoring the default is necessary to avoid a fundamental miscarriage of justice. *See Badelle v. Correll*, 452 F.3d 648, 661 (7th Cir. 2006). A petitioner can show cause by demonstrating that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation marks and citation omitted). Here, McCray has not pointed to any external factor that prevented him from raising his claims on appeal to the Illinois Appellate Court. Therefore, he has not shown cause for

his failure to exhaust. Alternatively, McCray can overcome a procedural default by showing that not ignoring the default will cause a miscarriage of justice because he is actually innocent. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). However, McCray has not shown, or even asserted, that he is actually innocent, "i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Id.*

For these reasons, McCray's petition is **DISMISSED with prejudice**. The Clerk is DIRECTED to close this case and enter judgment accordingly.

Rule 11(a) of the Rules Governing Section 2254 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of appealability. 28 U.S.C. § 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires the petitioner to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012). The undersigned concludes that McCray's claims are procedurally defaulted. Reasonable jurists would not find this conclusion debatable. Accordingly, the Court **DECLINES** to issue a certificate of appealability.

  **SO ORDERED.**

  Dated: July 26, 2021

              _____

              DAVID W. DUGAN
              United States District Judge